Taylor, C. J.
The question presented by this record is, Whether the damage done to the Plaintiff’s goods, was occasioned by any of those.causes, which according to the general rules oi law, or the contract of the parties in the particular case, afford an excuse for not carrying them, in safety.
Though there js a common form of bills of lading in Use, yet, like every other contract, it may be moulded according to the will of the parties by whom it is made | it may be framed without any exceptions, and then left to be construed by the general principles of law, or other exceptions than those usually inserted, may be introduced, and thus the responsibility of the Master or Owner narrowed. In Smith v. Shepherd,‡ there was no bill of lading, and the decision was made on general principles, applicable to common carriers, that the act of God which would excuse the Defendant, must be immediate. After-wards several exceptions were added to the form, and besides natural accidents, many which proceed from the agency of men, are now commonly provided against. But the parties in this case, have thought proper to stipulate, that only perils of the sea shall excuse the Defendant for the non-performance of his contract, and therefore it is clear, that he undertakes, at all hazards, to indemnify the Plaintiff against all other perils or losses. The unskil-fulness of the Pilot occasioned the loss ; and as that is not ⅜ peril of the sea, the Plaintiff is entitled to recover.
*87 j think it is equally clear, that the Plaintiff has his elec-tlon to sue either the Master or the Owner upon a bill of lading. The law will not compel him to search for the Owners and sue them; they may be in a foreien country, J J 7 or it might be impossible to find them.*
But I am not prepared to say, that the Master would ftot be liable, even in an action founded on tort, for damage done to the goods while the Pilot was on board. The inclination of my mind is rather that he would be liable. The opinion of the Court, in Snell v. Rich, seems to be founded on the circumstance that the Master was not on board when the accident happened. In Berry v. Donaldson,† an action of tort was held to be maintainable against the Owner of the vessel. And Malloy, who writes exclusively on Maritime Law, says, “ But if a ship shall miscarry coming up the river, under the charge of the Pilot, it has been a question whether the Master should answer in case of the insufficiency of the Pilot; or whether the Merchant may have his remedy against both? It hath been Conceived, that the Merchant hath his election to charge either; and if the Master, then he must lick himself whole of the Pilot.”
Seaweix, J.
The action in this case is founded upon the contract of the Defendant, who undertook to deliver the goods in question at the port of Newbern, dangers of the sea excepted. They have not béén delivered ; and it is admitted by the case, that this default has not been occasioned by any peril of the sea, but through the unskil-fulness of a Pilot. Now it may be asked, if the circumstance that the vessel was to be placed under the direction of a Pilot, was not at least known to the Defendant ? And whether, if he had thought proper, he could not have provided against a loss whilst in the hands of the Pilot ? It is, however, sufficient to say, the Defendant has not provided against it; and being bound to insure against *88 every accident or event, not excepted, he must answer to the Plaintiff for a non-performance. Had the Defendant been charged wiih a tort for some injury done by theves-sel, whilst Under the control of the Pilot, that case would have differed widely from the present. The Defendant, in such case, not being the author of the mischief, neither continuing it, nor having it in his power to avoid it, would not he liable ; but should he, in such case, have become insurer agáin'st it, it would hardly be doubted but that he would be liable upon his engagement.
The directions to the Jury below, were clearly wrong, ánd the Rule for a New Trial should be absolute.
RurriN, J. concurred in the opinion of S'eawel, J.

 Abbot 165.

 Moree v. Slue, Ventric 190, 238.

 4 Dallas 206